UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAMILLE A. ABBOUD,

    Plaintiff,

v.                                   CASE NO. 3:22-cv-1204-MMH-MCR

ROBERT A. HARDWICK, et al.,

    Defendants.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants St. Johns County & Board of Commissioners – State of Florida and St. Johns Sheriff – Robert A. Hardwick's Motion to Dismiss (Doc. 24), Defendants Ralph J. Larizza, Shevaun Harris, Judge Joan Anthony, and Judge Alexander R. Christine Jr., Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 31) (collectively "Motions to Dismiss"), and Plaintiff's responses thereto (Docs. 30, 38).

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

The Motions to Dismiss have been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)–(C) and Federal Rule of Civil Procedure 72(b)(1).  Upon consideration, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss be **GRANTED to the extent stated herein**.

## I.   Procedural History and Background

On November 4, 2022, Plaintiff, proceeding *pro se*, commenced this action by filing a Complaint for Violation of Civil Rights.  (*See* Doc. 1.) Plaintiff also requested leave to proceed *in forma pauperis*.  (Doc. 2.)  On November 22, 2022, this Court issued an Order denying without prejudice Plaintiff's Motion to Proceed *in Forma Pauperis* and directed Plaintiff to file an amended complaint because, among other reasons, the complaint was an impermissible shotgun pleading in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure.  (Doc. 4 at 6–7.)

On December 5, 2022, Plaintiff paid the filing fee.  After receiving multiple extensions, on June 26, 2023, Plaintiff filed an Amended Complaint. (Doc. 12.)  On July 10, 2023, this Court *sua sponte* struck Plaintiff's Amended Complaint because Plaintiff still failed to comply with Rules 8 and 10.  (Doc. 15.)  This Court held that while he "add[ed] numbered paragraphs and more specific details, Plaintiff still fails to present 'a short and plain statement of the claim showing that he is entitled to relief'. . . Plaintiff repeatedly lists a

host of various laws without explaining how each Defendant's specific conduct violated each law." (*Id.* at 4) (quoting Fed. R. Civ. P. 8(a)).  This Court directed Plaintiff to file a second amended complaint that utilizes consecutively numbered paragraphs, separate counts, and describes in sufficient detail the factual basis for each claim founded on each separate law.  (*Id.* at 5.)

On August 28, 2023, Plaintiff filed his [Second] Amended Complaint and Demand for Jury Trial ("Second Amended Complaint") (Doc. 18) against St. Johns County & Board of Commissioners – State of Florida ("St. Johns County"), St. Johns Sheriff – Robert A. Hardwick ("Hardwick"), Florida State Attorney – Ralph J. Larizza ("Larizza"), State of Florida – DCF Secretary – Shevaun Harris ("Harris"), State of Florida – St. Johns County Circuit Judge Joan Anthony ("Judge Anthony"), and State of Florida – St. Johns County Judge Alexander R. Christine, Jr. ("Judge Christine").  (Doc. 18.)  The five counts of the Second Amended Complaint are as follows:

   I.  § 1983 Claim of Retaliation for Exercise of First, Second, Fourth, Fifth, Sixth, and Eighth Amendments Protected Activities Against Defendants St Johns County, Hardwick, Larizza & Christine
  II.  § 1983 Claim of Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments Protected Activities Against Defendants St. Johns County, Hardwick, Larizza, Harris, Anthony & Christine
 III.  State Tort of Civil Conspiracy – Negligence – Intentional Infliction of Emotional Distress Against Defendants St. Johns County Board, Hardwick, Larizza, Harris, Anthony & Christine
  IV.  Common Law Malicious Prosecution Under Title 18 U.S.C. §[§] 241[–]242 Claims Against the State of Florida, St. Johns County

3

        Government and its Board, Sheriff Hardwick, State Attorney Larizza for Reckless Indifference to Plaintiff's Clearly Established Constitutional Rights; and

V.    42 U.S.C. § 1983 and 18 U.S.C. §[§] 241[–]242 Claims Against the State of Florida, St. Johns County Government and its Board for Reckless Indifference to Plaintiff's Clearly Established Constitutional Rights

(Doc. 18 at 13–18.)

### A. Plaintiff's Allegations

The Second Amended Complaint alleges that on August 30, 2021, Plaintiff was assaulted and sustained multiple injuries in his home. (*Id.* ¶ 7.) While Plaintiff was seeking medical attention for his injuries, the St. Johns County Sheriff allegedly violated his constitutional and civil rights by forcibly removing, falsely imprisoning, and transporting Plaintiff to jail without a proper medical stay. (*Id.*) Plaintiff further alleges that he was not given Miranda, that he was not provided access to an attorney or a phone call, and that he was placed in a "Covid-infested jail by a zealous prejudicial [sic] and bigoted State Attorney, for three days, with no medical protection[.]" (*Id.*) Moreover, Plaintiff alleges he was mistreated while in custody, physically and verbally assaulted by detectives, and was psychologically, mentally, emotionally, physically, and financially abused. (*Id.* ¶ 10–11.)

The Second Amended Complaint then alleges that the St. Johns County State Attorney violated Plaintiff's Florida and U.S. Constitutional rights by withholding crucial video evidence exonerating Plaintiff and later declining

4

prosecution.  (*Id.* ¶ 12.)  Ultimately, Plaintiff alleges that he was called "'[a] Ranting Arab,' in violation of Title 42 Section 1983 and Title 18 Section 242, under color of law, [which] led to the ultimate cruelty and inhumanity, for not seeing [his] boys until more than fifteen (15) months ha[d] passed[.]"  (*Id.*)

### B. Motion to Dismiss filed by St. Johns County and Hardwick

On November 6, 2023, Defendants St. Johns County and Hardwick moved to dismiss Plaintiff's Second Amended Complaint pursuant to Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure.  (Doc. 24.)  In the Motion to Dismiss, Defendants assert that Plaintiff's Second Amended Complaint is an impermissible shotgun pleading, that the factual allegations are vague, conclusory, immaterial, lacking in detail, and that his claims are often ascribed to all or most of the defendants without explaining how each defendant was factually involved.  (*Id.* at 5–6.)  As such, Defendants argue that Plaintiff's Second Amended Complaint should be dismissed because it fails to allege sufficient facts to support each cause of action and combines multiple defendants in each factual allegation and cause of action, without setting forth any facts to show how each defendant is liable in each cause of action, rendering it "impossible to respond[.]"  (*Id.* at 8–9.)

In response, Plaintiff asserts his Second Amended Complaint conforms with Federal Rules of Civil Procedure 8(a)(2) and 10(b) and is not an

impermissible shotgun pleading. (Doc. 30 at 2.) Plaintiff further asserts that Defendants Motion to Dismiss should be denied and rather than requiring Plaintiff to specify by name exactly "which deputy, jail guard or county doctor did what, these questions should be asked of the Defendants[.]" (*Id.*)

### C. Motion to Dismiss filed by Larizza, Harris, Judge Anthony, and Judge Christine

On December 12, 2023, Defendants Larizza, Harris, Judge Anthony, and Judge Christine moved to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a), 10(b), and 12(b), for failure to comply with the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted. (Doc. 31). Defendants further assert that Plaintiff's Second Amended Complaint is vague, conclusory, has immaterial facts, and fails to explain how his section 1983 claim and tort claim for civil conspiracy relate to Defendants. (*Id.*)

Regarding Defendant Harris, Defendants argue that Plaintiff's claims against her must be dismissed because Plaintiff's statements fail to meet the elements to state a cause of action and that Plaintiff fails to state any act or omission committed by Defendant Harris acting under color of state law. (*Id.* at 8.)

Moreover, Defendants assert that Plaintiff's Second Amended Complaint must be dismissed against Defendants Larizza, Judge Anthony,

6

and Judge Christine because they are entitled to immunity. (*Id.* at 8–10.) Defendant Larizza argues that his actions in Plaintiff's domestic case were closely associated with the judicial activity of the criminal process, and therefore, he is immune from Plaintiff's allegation for malicious prosecution. (*Id.*) Judges Anthony and Christine also argue that they acted in their respective judicial capacities at various stages of Plaintiff's case and are entitled to absolute judicial immunity. (*Id.*) Therefore, Defendants assert Plaintiff's Second Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted. (*Id.* at 11.)

Plaintiff responds by asserting none of the Defendants are entitled to "ANY immunity as they willfully and maliciously violated, and continue to this day, to violate the Plaintiff's US and FL Civil, Constitutional, & Father Rights [sic], FL Statutes, among other [sic] violates of the Disability, Elder-Justice and Atomic Energy Acts." (Doc. 38 at 5.) Plaintiff further asserts that the acts against him by sworn officers of the law are not immune from prosecution. (*Id.*) Specifically, Plaintiff asserts Judge Anthony violated his rights by threatening to hold Plaintiff in contempt because he refused to discuss the nature of his Nuclear Sensitive Documents at his marital home in open court and was denied his petition to retrieve his personal belongings. (*Id.* at 7.) Plaintiff argues that the constant threats and terror imparted on him by all the Defendants, acting under color of law within the meaning of

7

section 242, are punishable offenses. (*Id.*) Plaintiff again sets forth that his Second Amended Complaint should not be dismissed because he cured the defects in the pleading and that he "effectually and legally perfected" his Second Amended Complaint. (*Id.*)

On April 3, 2023, the Motions to Dismiss were referred to the undersigned and are now ripe for review. (Doc. 53.)

## II.   Standard

The bare minimum a plaintiff must set forth in his complaint is found in Fed. R. Civ. P. 8. Under Rule 8, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *King Ocean Servs. v. CI Mistic SAS Fruits & Vegetables, LLC*, No. 23-22227-CIV, 2023 U.S. Dist. LEXIS 211051, at *5 (S.D. Fla. Nov. 28, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Brooks v. Kiser*, No. 1:21cv541-ECM-SMD, 2022 U.S. Dist. LEXIS 86944, at *5 (M.D. Ala. May 13, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). A complaint must contain enough well-pleaded facts to "allow [] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."

*Id.*

Further, Rule 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed.R.Civ.P. 10(b). "These Rules, then, require a complaint—at a minimum—to set forth claims in numbered paragraphs and allege sufficient facts for a court to reasonably infer that a defendant's actions were unlawful." *Brooks*, 2022 U.S. Dist. LEXIS 86944, at *5.

Under Rule 12(b)(6), a defendant may move to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

When reviewing a motion to dismiss, courts must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S.

89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Minott v. City of Fort Myers*, No. 2:23-cv-20-JLB-NPM, 2024 U.S. Dist. LEXIS 45772, at *6 (M.D. Fla. Mar. 15, 2024) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

Finally, the pleadings of *pro se* litigants must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam). However, *pro se* litigants are subject to the same laws and rules of court as litigants who are represented by counsel. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, the Court will not rewrite a *pro se* plaintiff's complaint to find a claim. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III. Discussion

#### A. Plaintiff's Second Amended Complaint fails to set forth specific actions against each defendant and is an Impermissible Shotgun Pleading

Even construing Plaintiff's pleading liberally due to his *pro se* status, Plaintiff's Second Amended Complaint is once again an impermissible shotgun pleading and fails to contain a short and plain statement showing he

10

is entitled to relief.

Although Plaintiff's Second Amended Complaint attempts to comply with this Court's previous orders by adding numbered paragraphs and more specific details, it still does not comply with Rules 8 and 10. Plaintiff's Second Amended Complaint does not explain how each Defendant's specific conduct violated each law. While Plaintiff separates his Second Amended Complaint into five counts, all five counts are asserted against multiple Defendants without specifying which Defendants are responsible for which acts or omissions. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).

For example, Count I alleges a section 1983 claim for retaliation against Defendants St. Johns County, Hardwick, Larizza, and Christine. (Doc. 18 at 13.) However, Count I does not plead facts specific to each Defendant to sufficiently state a claim that entitles Plaintiff to relief.

Count II of the Second Amended Complaint alleges a section 1983 claim against Defendants St. Johns County, Hardwick, Larizza, Harris, Anthony, and Christine. (*Id.* at 14.) Again, Plaintiff merely states generalized claims against all Defendants as an indefinite group and fails to plead facts specific to each Defendant. (*See id.* ¶ 26.)

Count III of the Second Amended Complaint combines state tort conspiracy, negligence, and intentional infliction of emotional distress. (*Id.* at

15.) Such amalgamation fails to adhere to the requirements of Rule 10. *See Warner v. City of Marathon*, 718 F. App'x 834, 839 (11th Cir. 2017) (affirming district court's finding that by pleading several claims in one count violated Rule 10(b)'s preference that discrete claims be pled in separate counts to facilitate clear presentation of the issues). Plaintiff alleges multiple causes of action in one count, which conflates separate transactions and occurrences. Such lack of clarity does not afford Defendants or this Court the ability to decipher which claim Plaintiff is referring to or which Defendant applies to each claim. *See Rohttis v. Sch. Dist. of Lee Cnty.*, No. 2:21-cv-737-JES-NPM, 2022 WL 523605, at *5 (M.D. Fla. Feb. 22, 2022).

Count IV claims malicious prosecution under 18 U.S.C. §§ 241–242 for reckless indifference to Plaintiff's "clearly established constitutional rights against the State of Florida, St. Johns County Government and its Board, Hardwick, and Larizza. (Doc. 18 at 17.) Like Plaintiff's previous counts, Count IV fails to include facts to support Plaintiff's claim, and Plaintiff fails to plead facts specific to each Defendant.

Count V claims reckless indifference to Plaintiff's clearly established constitutional rights against the State of Florida, St Johns County Government and its Board. (Doc. 18 at 18.) Plaintiff directs Count V towards governmental entities and persons who are **not** named defendants in this action. (*See Id.* at ¶¶ 45–48.) Count V is insufficient as it sets forth vague,

12

conclusory, and immaterial facts, and it fails to specify which of the defendants are responsible for the claims brought against it.

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." *Weiland*, 792 F.3d at 1320. A shotgun complaint is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," fails to separate into different counts each cause of action or claim for relief or asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.* at 1322. Plaintiff's Second Amended Complaint falls in this category.

### *i. Defendant Sheriff Robert A. Hardwick*

With regard to Defendant Sheriff Robert A. Hardwick, Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff discusses how "the St. Johns Sheriff" allegedly forcibly removed Plaintiff while seeking medical attention, took him to a county hospital where Plaintiff was seen by an ER attendant, and transported Plaintiff to jail without proper medical care. (Doc. 18 at 6.) Plaintiff alleges that due to these actions, Defendant Hardwick violated the First, Second, Fourth, Fifth, Ninth, and Fourteenth Constitutional Amendments under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241–242. (*Id.*) Yet, Plaintiff fails to explain

13

how Defendant Hardwick violated these amendments. Plaintiff continues to group his allegations against Defendant Hardwick with the other Defendants, making it impossible to decipher what Plaintiff is exactly alleging against Defendant Hardwick. (*See generally* Doc. 18.) Once again, this Court is left to speculate as to how Defendant Hardwick allegedly violated the First, Second, Fourth, Fifth, Ninth, and Fourteenth Constitutional Amendments under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241–242. (*See* Doc. 15 at 4.)

### ii. *Defendant St. Johns County*

Plaintiff fails to state a claim upon which relief can be granted as it relates to Defendant St. Johns County. Plaintiff alleges "St. Johns County's official and unofficial policies, procedures, [and] customs" violated Plaintiff's constitutional and state rights. (Doc. 18 ¶ 45.) Notably, Plaintiff does not set forth which "policies, procedures, customs" violated his rights, failing to put Defendant St. Johns County on notice of how it violated Plaintiff's constitutional and state rights. (*Id.*)

### iii. *Defendant Shevaun Harris*

Likewise, Plaintiff fails to plead any specific facts as to Defendant Harris in the factual allegations or in any of Plaintiff's five counts. (*See generally* Doc. 18.) As such, because the Second Amended Complaint is

devoid of such facts, Plaintiff fails to allege any claims upon which relief may be granted as it relates to Defendant Harris.

Although Plaintiff has made some improvement from his initial complaint in November 2022, such improvement in his current Second Amended Complaint does not afford Defendants or this Court the ability to discern which claim the Plaintiff is referring to or which Defendant applies to each claim and is an impermissible shotgun pleading. Because Plaintiff fails to state claims that entitle him to relief, Defendants' Motions to Dismiss should be granted. *See Rohttis, supra.*

### B. Plaintiff's Claims Against Defendants Larizza, Judge Anthony, and Judge Christine Should be Dismissed because they are Entitled to Immunity

Defendants Larizza, Judge Anthony, and Judge Christine argue that Plaintiff's claims should be dismissed against them because they are entitled to immunity. The undersigned agrees.

#### *i. Prosecutorial Immunity*

Under the facts alleged in Plaintiff's Second Amended Complaint, Defendant Larizza is entitled to prosecutorial immunity. Prosecutors are immune from section 1983 suits relating to activities that are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) ("A prosecutor enjoys absolute immunity from allegations

15

stemming from the prosecutor's function as advocate.").

Here, Plaintiff alleges Defendant Larizza conspired and retaliated against Plaintiff for the commencement and continuation of criminal proceedings against him. (*See* Doc. 18.)  Yet, Plaintiff does not allege that Larizza acted beyond the scope of activities "intimately associated" with the judicial process.  *See* Imbler, 424 U.S. at 409.  On the contrary, Larizza was within the purview of his office and functioning as an advocate for the prosecution.  His actions in Plaintiff's domestic case were consistent with the judicial phase of the criminal process.  As such, Plaintiff fails to state a claim against Defendant Larizza upon which relief can be granted.

### ii. *Judicial Immunity*

Under the facts alleged in Plaintiff's Second Amended Complaint, Judge Anthony and Judge Christine are both entitled to judicial immunity as well.  "A suit against a state official in his or her official capacity is no different from a suit against the state, which fails because of sovereign immunity." *Price v. Stone*, No. 4:11-cv-40 CDL-MSH, 2011 WL 2791350, *2 (M.D. Ga. May 3, 2011) (report and recommendation adopted by 2011 WL 2791958 (M.D. Ga. July 18, 2011)) (citing *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996)).  "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in 'the clear absence of all jurisdiction.'" *Bolin v.*

16

*Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam). "Whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge . . . ." *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Judges are also absolutely immune from suit when (1) the acts in question were performed while he or she was dealing with the parties in his or her judicial capacity, (2) the acts were of the sort normally performed by judicial officers and (3) the judge's conduct did not fall clearly outside his subject matter jurisdiction." *Mosley v. Awerbach*, No. 8:06 CV 592 T 27MSS, 2006 WL 2375050, *4 (M.D. Fla. Aug. 15, 2006) (citing, *inter alia*, *Stump v. Sparkman*, 435 U.S. 349 (1978)).

Plaintiff alleges Defendants Judge Anthony and Judge Christine, in both their individual and official capacities, violated Plaintiff's constitutional rights by misusing their power possessed by virtue of state law. (Doc. 18 at 18.) Yet, Defendants are entitled to Eleventh Amendment immunity in their official capacities and absolute immunity in their individual capacities. Judges Anthony and Christine were acting in their official capacities when presiding over Plaintiff's case. Further, Plaintiff fails to allege that any

17

action taken by Judge Anthony or Judge Christine was "taken in the absence of all jurisdiction, and the Court fails to see how such an allegation would be supportable." *Price*, 2011 WL 2791350, at *3. Thus, Plaintiff fails to state a claim against Judge Anthony and Judge Christine because Defendants are entitled to immunity in both their official and individual capacities.

### IV.    Recommendation

Based on the foregoing, the undersigned respectfully **RECOMMENDS**:

1. Defendants' Motions (**Docs. 24 & 33**) be **GRANTED** to the extent that Plaintiff's Second Amended Complaint (**Doc. 18**) be **DISMISSED without prejudice**.

**DONE AND ENTERED** at Jacksonville, Florida, on August 14, 2024.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia M. Howard
United States District Judge

Counsel of Record

*Pro Se* Plaintiff