## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CAMILLE A. ABBOUD,

      Plaintiff,

vs.                                                                Case No.  3:22-cv-1204-MMH-MCR

ROBERT A. HARDWICK, et al.,

      Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 56; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on August 14, 2024.  In the Report, the Magistrate Judge recommends that the motions to dismiss pending in this case be granted and Plaintiff's Second Amended Complaint (Doc. 18) be dismissed without prejudice.  See Report at 18; see also Defendants, St. Johns County & Board of Commissioners-State of Florida, and St. Johns Sheriff-Robert A. Hardwick's, Motion to Dismiss Pursuant to Rules 8(a)(2) and 10(b), Federal Rules of Civil Procedure (Doc. 24), filed November 6, 2023; Defendants, Ralph J. Larizza, Shevaun Harris, Judge Joan Anthony, and Judge Alexander R. Christine, Jr., Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 31), filed

1

December 12, 2023.  On August 19, 2024, Plaintiff Camille A. Abboud filed objections to the Report.  See Motion/Petition/Response Objecting to Report and Recommendation (Doc. 57; Objections).  Although the time for filing a response to the Objections has not yet run, the Court has reviewed the Objections and finds them to be improper for the reasons discussed below.  As such, responses are not necessary, and the Court finds it appropriate to take up the matter at this time.

## I.    Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1).  However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1.[1]  As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.  See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.  See Report at 1.

conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

Moreover, the Court need not consider "'[f]rivolous, conclusive, or general objections . . . .'" See McCullars v. Comm'r, Soc. Sec. Admin., 825 F. App'x 685, 694 (11th Cir. 2020) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).[2] Rather, "[a]n objection must specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Id. (citing United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)).

## II.   Discussion

While the Objections are largely incomprehensible, what is clear from a concerted effort to decipher Plaintiff's arguments is that he identifies no specific legal or factual error in the Magistrate Judge's analysis or his conclusions. Rather, Plaintiff contends that the entire Report is "prejudicial, legally

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

insufficient and full of non-factual assertions," among other things.   <u>See</u> Objections at 6.  Such generalized objections are entirely insufficient to warrant specific <u>de novo</u> review of the Magistrate Judge's findings.  <u>See</u> <u>Schultz</u>, 565 F.3d at 1353 ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with.").   In light of Plaintiff's failure to raise any specific legal or factual objection to the Report, the Court finds that the Objections are due to be overruled.

Upon review of the Report, Second Amended Complaint, and pending motions, and absent a proper objection from Plaintiff, the Court will adopt the Magistrate Judge's finding that the Second Amended Complaint remains an impermissible shotgun pleading.   <u>See</u> Report at 10-13.[3]   Most egregiously, Plaintiff continues to combine numerous distinct causes of action into each of his five counts and relies extensively on "conclusory, vague, and immaterial" allegations throughout the pleading.  <u>See</u> <u>Weiland v. Palm Beach Cnty. Sheriff's</u> <u>Off.</u>, 792 F.3d 1313, 1322-23 (11th Cir. 2015)  As a result, Defendants and the Court are "hard-pressed to understand 'the grounds upon which each claim . . .

---

[3] Because the Court finds that dismissal on shotgun grounds is appropriate, the Court declines to consider Defendants' other arguments in support of dismissal. Indeed, without a proper pleading, the Court cannot assess whether Plaintiff has stated a claim against any particular Defendant or whether any immunity defenses are applicable.

rests.'"  See Barmapov v. Amuial, 986 F.3d 1321, 1326 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1322-23).   Indeed, the Court finds the pleading to be largely indecipherable.

Although the Magistrate Judge recommends dismissal without prejudice on this basis, see Report at 18, the Court finds that, as to the federal claims, dismissal with prejudice is appropriate.  The Court has provided Plaintiff with two opportunities to remedy his deficient pleadings and has explained at length how his prior complaints violate the shotgun-pleading rules.  See Order (Doc. 4) at 6-7; see also Order (Doc. 15) at 2-5.  Nevertheless, the shotgun problems remain.  The Eleventh Circuit Court of Appeals instructs that where a pleader fails to remedy a shotgun pleading problem after being given a chance to do so, dismissal with prejudice is warranted.  See Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020); Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).  On this record, the Court is convinced that Plaintiff is unable or unwilling to comply with the Court's directives and that nothing less than dismissal will suffice.  See Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020).  Nevertheless, while dismissal of the federal claims with prejudice is warranted, the Court will dismiss the state law claims without prejudice to re-filing in state court.  See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296-97 (11th Cir. 2018) (finding that where a pleading is dismissed on

non-merits Rule 8 grounds, the state law claims should be dismissed without prejudice to refiling in state court).

Accordingly, it is

**ORDERED:**

1.  Plaintiff's Motion/Petition/Response Objecting to Report and Recommendation (Doc. 57) is **OVERRULED**.

2.  The Report and Recommendation (Doc. 56) is **ADOPTED, in part,** as set forth above.

3.  Defendants, St. Johns County & Board of Commissioners-State of Florida, and St. Johns Sheriff-Robert A. Hardwick's, Motion to Dismiss Pursuant to Rules 8(a)(2) and 10(b), Federal Rules of Civil Procedure (Doc. 24), and Defendants, Ralph J. Larizza, Shevaun Harris, Judge Joan Anthony, and Judge Alexander R. Christine, Jr., Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 31) are **GRANTED, in part, and DENIED, in part.**

    A.  The Motions are **GRANTED** to the extent any federal claims in the Second Amended Complaint are **DISMISSED with prejudice**; and any state law claims are **DISMISSED without prejudice** to refiling in the appropriate state court.

    B.  Otherwise, the Motions are **DENIED**.

4.      The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 30, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties